UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE A. JACKSON, | ) | CASE NOS.  4:13CV861 |
| | ) | 4:13CV862 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| JACOB POLLOCK, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of default (Doc. No. 11-1) filed by plaintiff Terrence Jackson ("plaintiff" or "Jackson"), seeking a default judgment against defendant David Stone. Defendant Stone opposes the motion, and has moved to strike the affidavit plaintiff filed in support of his motion (Doc. No. 12). Rule 55(a) of the Federal Rules of Civil Procedure provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Plaintiff's motion lacks merit because defendant Stone has satisfied the pleading requirements under the Federal Civil Rules.

A review of the dockets in these consolidated cases brings the issues surrounding the present motion into sharp relief. Plaintiff simultaneously brought two actions in this Court. In the companion case of *Jackson v. Stone*, Case No. 5:13CV862,

defendant Stone was served with a copy of the summons and complaint on July 5, 2013. On July 25, 2013, Case 5:13CV862 was consolidated with the above-captioned case, and the parties were directed to henceforth file all documents in the above-captioned case.

Defendant Stone timely moved for and received leave to plead until August 23, 2013. Plaintiff was served with a copy of the non-document order extending defendant Stone's time for pleading at the address plaintiff identified in his Complaint as his mailing address. On August 13, 2013, the copy of the Court's order was returned as undeliverable. (Doc. No. 8.) On August 23, 2013, defendant Stone timely filed his Answer to the Complaint. Defendant Stone served a copy of his Answer; again, at the address designated by plaintiff. (Doc. No. 9.) On August 28, 2013, plaintiff filed a letter identifying his new address. (Doc. No. 10.) On August 29, 2013, the Court caused a copy of defendant Stone's Answer to be mailed to plaintiff at his new address. This copy was also returned as undeliverable. (Doc. No. 14.)

In opposition to plaintiff's motion for default, defendant Stone notes his timely answer and attempted service upon plaintiff at the then-current address for plaintiff, as well as the Court's unsuccessful attempt to serve plaintiff at his newly identified address. Additionally, defendant Stone represents that he attempted to serve a copy of his opposition to plaintiff's motion for default at plaintiff's new address, but that, too, was returned as undeliverable. (Doc. No. 14, Notice of Returned Service; Doc. No. 15, Affidavit of attorney John W. McKenzie, at ¶ 2.)

It is clear from the record that defendant Stone timely plead in this matter, and that default judgment against him would be inappropriate. Further, plaintiff is

reminded that all parties have an obligation to provide the Court with accurate contact information. Plaintiff is warned that his failure to supply the Court with a valid address where he can be served may result in these consolidated actions being dismissed without prejudice.

For all of the foregoing reasons, plaintiff's motion for default is denied, and defendant Stone's request to strike plaintiff's affidavit in support of his motion for default judgment is granted.

**IT IS SO ORDERED**.

Dated: October 2, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

3