# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE A. JACKSON, | ) | [1] CASE NO. 5:13CV861 |
| | ) | [2] CASE NO. 5:13CV862 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| [1] STERILITE CORP., et al., | ) | |
| [2] DAVID STONE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

These consolidated cases are before the Court upon defendants' motion to dismiss for failure to prosecute (Doc. No. 65 ["Mot."]).[1] Plaintiff opposes the motion (Doc. No. 66 ["Opp."]), and defendants have filed a reply (Doc. No. 67 ["Reply"]).

## I. BACKGROUND

*Pro se* plaintiff Terrence Jackson filed these employment discrimination lawsuits in April 2013. Both actions raised substantially similar allegations relating to plaintiff's brief period of employment with defendant Sterilite Corporation. (*See* Case No. 5:13CV861, Doc. No. 1 ["Compl."]; Case No. 5:13CV862, Doc. No. 1 ["Compl."].) On July 25, 2013, the Court *sua sponte* ordered the cases consolidated. (Doc. No. 6.)

---

[1] The Court interprets the present motion to dismiss as requesting dismissal of both actions. Nonetheless, unless otherwise specified, and for ease of discussion, all docket references are to the lead case: Case No. 5:13CV861. All page number references are to the page identification number generated by the Court's electronic docketing system.

From the beginning of this litigation, plaintiff has been unwilling or unable to provide a valid address where he could receive mail, resulting in numerous filings being returned undelivered to the Court or opposing counsel. (Doc. Nos. 8, 13, 14, 15, 16, 19, 22, 50, 52, 55, 62.) While plaintiff has, at various times, offered to the Clerk different possible mailing addresses, filings by the Court and defendants continued to be returned undelivered.

On November 22, 2013, the Court conducted a Case Management Conference wherein it established dates and deadlines that were to govern these cases. (Doc. No. 28 ["CMPTO"].) At the conclusion of the conference, the Court reminded plaintiff that he had a duty to provide the Court with a valid address where mail could be received. (Nov. 22, 2013 Minutes.)

On February 21, 2014, the Court conducted a status conference for the purpose of addressing defendants' representations that plaintiff was not participating in discovery. (*See* Doc. No. 51.) The Court admonished plaintiff for failing to cooperate in discovery, and ordered plaintiff to supply his initial disclosures (which were long overdue) by February 28, 2014. The Court also cautioned plaintiff that any further failure to cooperate in discovery, or otherwise make himself available to opposing counsel for purposes of advancing the litigation, could expose plaintiff to "possible sanctions, up to and including dismissal of this action, for failure to prosecute." (Feb. 21, 2014 Minutes.) Because of the delays occasioned by plaintiff's lack of cooperation in discovery, the Court agreed to extend many of the dates and deadlines that appeared in the CMPTO. (Doc. No. 53 ["Am. CMPTO"].)

On March 14, 2014, defendants filed a motion to dismiss various claims for failure to state a claim.[2] (Doc. No. 59.) Defendants' motion to dismiss for failure to prosecute followed on April 16, 2014. The Court suspended all dates and deadlines in the Am. CMPTO pending resolution of defendants' motion to dismiss for failure to prosecute. (May 27, 2014 Minutes.)

II.  LAW AND ANALYSIS

As grounds for their motion to dismiss for lack of prosecution, defendants highlight the following undisputed facts:

- Plaintiff failed to participate in the Rule 26(f) planning meeting and preparation and filing of joint status reports as required by the Court's standing order and Am. CMPTO;

- Plaintiff failed to respond timely and fully to initial disclosures, specifically failing to give any contact information regarding potential witnesses;

- Plaintiff failed to respond to any written discovery propounded by defendants;

- Plaintiff failed to serve his own discovery requests, or in any other way, conduct discovery; and

- Plaintiff failed to maintain a current address for purpose of service and communication with opposing counsel and the Court.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure generally provides that a court may impose sanctions upon a party who fails to obey an order to provide or permit discovery. Similarly, Rule 37(d)(1)(A)(ii) provides that a court may impose sanctions upon a party for failing to respond to interrogatories. Among the

---

[2] Because the Court finds that these actions are properly dismissed for want of prosecution, it does not reach the merits of defendants' Rule 12(b)(6) motion.

3

possible sanctions a court may impose is "dismissing the action or proceeding in whole or part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Such a dismissal acts as an adjudication on the merits. *Id.* The Sixth Circuit has recognized that a Rule 41(b) dismissal "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co*., 176 F.3d 359, 363 (6th Cir. 1999) (quotation marks and citation omitted). Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts. *See Wright v. Coca-Cola Bottling Co*., 41 F. App'x 795 (6th Cir. 2002).

The Sixth Circuit has instructed courts to assess four factors in determining whether dismissal for failure to prosecute or failure to comply with discovery obligations is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Mulbah v. Detroit Bd. of Educ*., 261 F.3d 586, 589 (6th Cir. 2001) (citations omitted); *Harmon v. CSX Transp. Inc*., 110 F.3d 364, 366-37 (6th Cir. 1997) (quotation marks and citation omitted).

With respect to the first factor, the burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or

4

bad faith, rests with the individual against whom sanctions are sought. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citation omitted). "Thus, it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not." *Id.*; *see, e.g., United Steelworkers, Local 1-1000 v. Forestply Indus., Inc.*, No. 2:08-CV-281, 2011 WL 1210132, at *7 (W.D. Mich. Apr. 1, 2011) (defendants "had the ability to comply with the plaintiff's requests for discovery and comply [with] the Court's discovery orders but they chose not to do so without good reason and without justification").

Plaintiff has offered no justification for his failure to participate in the Rule 26(f) planning meeting or the preparation of periodic joint status reports. As for his failure to respond to defendants' propounded discovery, plaintiff relies on his *pro se* status and unsubstantiated allegations that defendants have harassed him. (Opp. at 305.) He also complains that two of his former attorneys, both of which he dismissed, attempted to "sabotage [his] case from the inside" to justify his failure to prosecute this action. (*Id.*) The record shows, however, that plaintiff never requested additional time from the Court or opposing counsel to respond to discovery or to meet his other litigation obligations.[3]

The Court is mindful that plaintiff is proceeding *pro se*, and, it is for this reason that the Court has exercised considerable patience in dealing with plaintiff and the delays his dilatory action has caused. Nonetheless, the Court's patience is not without

---

[3] In fact, in response to defense counsel's request to supplement his initial disclosures, plaintiff merely stated "OK. No problem." (Doc. No. 65-4 at 300-01.) In his opposition, filed April 18, 2014, plaintiff suggests that he is in the process of the gathering the information requested by opposing counsel. (Opp. at 307.) More than six months later, however, plaintiff has still failed to respond to discovery requests.

5

limit, and plaintiff's *pro se* status does not "excuse [him] from producing discovery." *Ward v. Am. Pizza Co*., 279 F.R.D. 45l, 458 (S.D. Ohio 2012) (collecting cases and quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer")); *Fields v. Cnty. of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) ("it is incumbent on litigants, even those proceeding pro se, to follow . . . rules of procedure") (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)) (quotation marks omitted).

Plaintiff has caused two lawsuits to be filed, yet he has neglected to take any action to advance these suits. He has failed to comply with even the most basic and fundamental procedural rules. Plaintiff's complete failure to participate in discovery can only be construed as demonstrating bad faith and/or willful intent to unduly delay resolution of these actions. *See, e.g., Robinson v. Gen. Motors Corp.*, No. 4:12CV1604, 2013 WL 999598, at *3 (N.D. Ohio Mar. 13, 2013) (citing a *pro se* plaintiff's failure to participate in the submission of joint status reports as ordered by the court, and failure to respond to discovery, as evidence of willfulness and fault); *Eddins v. Dep't of Ohio VFW*, No. 1:12CV48, 2012 WL 1987162, at *1 (S.D. Ohio June 4, 2012) (recommending dismissal of a *pro se* case for failure to prosecute when the plaintiff failed to meet and confer on a joint Rule 26(f) order and failed to answer the subsequent "show cause" order); *Carr v. Miami Cnty. Jail*, No. 3:05CV387, 2006 WL 2987823 (S.D. Ohio Oct. 17,

2006) (recommending dismissal of *pro se* plaintiff's case due to plaintiff's failure to participate in discovery, failure to answer interrogatories, and failure to respond to a request to schedule a deposition); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011) (identifying failure to provide initial disclosures as sanctionable conduct). Additionally, the Court notes that plaintiff has failed to serve any discovery requests of his own, "hurting his own case and demonstrating his failure to prosecute." *See Fite v. Canton Drop Forge, Inc*., No. 5:07-CV-446, 2007 WL 335551, at *2 (N.D. Ohio Nov. 7, 2007). The first factor weighs strongly in favor of dismissal.

There can be no question that this unwillingness to participate in litigation has resulted in prejudice to defendants, as they have been required to waste valuable time and resources attempting to get plaintiff to meet his discovery obligations. *See, e.g., Harmon*, 110 F.3d at 368 ("We have no doubt that [defendant] was prejudiced by [plaintiff's] failure to respond to its interrogatories. Not only had [defendant] been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide."); *Robinson*, 2013 WL 999598, at *3 (noting that a defendant may be "prejudiced by its waste of time, money, and effort in attempting to get plaintiff to meet her discovery obligations and by having to defend a case in which plaintiff refuses to meaningfully participate"). Plaintiff's dilatory tactics have also caused significant delays in these proceedings—prompting the Court to revise its dates and deadlines—and have interfered with defendants' ability to prepare for summary judgment and/or trial.

Likewise, plaintiff's inability to supply the Court and opposing counsel with a valid mailing address has substantially prejudiced defendants. Not only has it impaired counsel's ability to communicate with plaintiff for purposes of scheduling depositions and preparing joint status reports, it has caused defendants to expend unnecessary effort and resources. For example, on November 15, 2013, plaintiff filed a motion for default judgment, notwithstanding the fact that defendants had timely answered the complaint. (Doc. No. 11; *see* Doc. Nos. 5, 9.) Of course, because the mailing address plaintiff supplied the Court and opposing counsel was invalid, plaintiff never received the service copies that would have informed him that defendants had timely responded to the complaint. Defendants were required to devote time and money responding to this frivolous motion.[4] (Doc. No. 12.) The second factor weighs in favor of dismissal.

Plaintiff was warned that his failure to prosecute could lead to the dismissal of these actions.[5] (Feb. 21, 2014 Minutes.) In addition to the Court's warning at the February 21, 2014 status conference, plaintiff was on notice as of the filing of defendants' Rule 41(b) motion that his inattention to these cases could result in dismissal. Yet, his mail continues to be returned as undeliverable, and he persists in his pattern of refusing to cooperate with opposing counsel in the preparation of joint status reports. (*See*

---

[4] The Court also required defendants to document their unsuccessful attempts to serve plaintiff by mail with filings in this case. (*See, e.g.*, Doc. Nos. 15, 50, 52.)

[5] It is true that plaintiff was initially cautioned that his failure to provide the Court with a valid mailing address could result in dismissal without prejudice. This was, however, early in the litigation, before plaintiff's inaction began to prejudice defendants and delay these proceedings.

Doc. Nos. 68,  69.) This final factor also weighs in favor of dismissal.[6]

      As for the consideration of lesser sanctions, the admonishment plaintiff received earlier in the proceedings did not have any effect on plaintiff's conduct. Moreover, the Court doubts whether monetary sanctions would be effective inasmuch as plaintiff has previously represented that he lacks any financial resources. (*See* Doc. No. 20.) The Court has considered lesser sanctions but concludes that nothing short of dismissal with prejudice would be appropriate. This final factor also weighs in favor of dismissal.

## III. CONCLUSION

      Having concluded that all of the relevant factors favor dismissal, defendants' motion to dismiss is granted, and plaintiff's claims are dismissed with prejudice.

      **IT IS SO ORDERED**.

Dated: October 16, 2014

                                            _____
                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[6] Of course, even if plaintiff had not previously been cautioned, the extreme circumstances of these cases would still warrant involuntary dismissal. The Sixth Circuit has emphasized that no one factor in the analysis is dispositive, and, as such, prior warnings are not indispensable. *See Reyes*, 307 F.3d at 458; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (the "absence of notice as to the possibility of dismissal" does not "necessarily render such a dismissal void"). This is especially true where, as here, the Court has made specific findings of bad faith. *Cf. Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (dismissal for failing to timely respond to summary judgment was too harsh a sanction where there was no prior warning that such conduct was subject to dismissal, and the district court made no finding of bad faith); *see, e.g., Mitchell v. Tri-Health, Inc.*, Civil No. 11-318-HJW-JGW, 2012 WL 2190809, at *2 (S.D. Ohio June 14, 2012) (dismissing *pro se* complaint under Rule 41(b), even though no prior warning was issued, where plaintiff had failed to "meaningfully participate in [the] action") (citation omitted).